UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA MILLNER,

    Plaintiff,

Case No. 12-11517

Honorable John Corbett O'Meara

v.

BANK OF AMERICA CORPORATION, *et. al.*,

    Defendants.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR TRO**

This matter came before the court on plaintiff Christina Millner's *ex parte* motion for temporary restraining order and/or preliminary injunction. No response was filed, and no oral argument was heard.

Plaintiff alleges that she is the owner of certain real property located in LaSalle Township in Monroe County, Michigan. In 2010 she fell behind in mortgage payments, which at that time were being paid to defendants Bank of America ("BAC") and its agent, BAC Home Loan Servicing ("BAC"). Plaintiff now claims that neither of those entities "has ever had a recorded interest in the Mortgage or the Home, nor have they any documents evidencing such an interest." Plaintiff's mot. br. at 8. Plaintiff and her father began efforts to enter into a loan modification agreement ("LMA") with Defendants on or about April 4, 2011. Plaintiff's father died during the document review process, however; and Defendants allegedly claim that requested documents were not received.

Defendant Mortgage Electronic Registration Systems ("MERS"), which was a co-grantee of the mortgage in 2005, allegedly assigned the mortgage to defendant The Bank of Mellon ("Mellon") in June 2011, although Plaintiff continued in the LMA process with Defendants BOA and BAC.

Plaintiff alleges that Mellon now claims an interest in the property, having purchased it at sheriff's sale October 6, 2011. Plaintiff states that she has been informed that the redemption period expires April 6, 2012; therefore, she filed this action two days before its expiration, seeking, among other things, to "stay the running of the redemption period . . . pending resolution of this case . . . ." Plaintiff's mot. br. at 15.

In determining whether a temporary restraining order should issue, courts consider the following factors: 1) whether the plaintiff has established a substantial likelihood of success on the merits; 2) whether there is a threat of immediate and irreparable harm to the plaintiff; 3) whether issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by the granting of injunctive relief. <u>Nightclubs, Inc. v. City of Paducah</u>, 202 F.3d 884, 888 (6th Cir. 2000).

Although Plaintiff contends that the loss of her home would constitute irreparable harm, the court disagrees, as she could be compensated with money damages if she were found to be entitled to them. Also, the public interest is not served by the granting of injunctive relief. Too often, plaintiffs facing mortgage foreclosure file suits in federal court in order to delay the proceedings. In this case plaintiff Millner waited to file this action until two days before the redemption period expires even though she discovered the alleged falsification of the assignment of mortgage in February 2012. Plaintiff's mot. br. at 10. Therefore, the court concludes that Plaintiff is not entitled to the relief requested.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's April 4, 2012 motion for temporary restraining order is **DENIED.**

                                                                             s/John Corbett O'Meara
                                                                             United States District Judge

Date:  April 6, 2012

 

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 6, 2012, using the ECF system.

                                                                             s/William Barkholz
                                                                             Case Manager